UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL A. KELLY,

    *Plaintiff*,

v.

TIFFANY WRIGHT,

    *Defendant*.

                                  /

CASE NO. 14-CV-13452

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

I.    **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because Plaintiff has failed to state a claim upon which relief can be granted.

II.    **REPORT**

    A.    Introduction

On August 11, 2014, Plaintiff Michael Kelly filed this *pro se* action making the following allegations:

> I applied to Bradley House 2 yrs ago. My application was denied. At the time I put up only a minor disagreement w/ Bradley House's decision as I knew I could obtain inexpensive temp. V.A. housing[.] I no longer wish the reside in V.A. housing. Please note the attached copies of e-mails between T. Wright and myself over the past 5 days. T. Wright, Br. House's resident agent, employed by Wingate Mgmt Company, LLC, is violating my federal due process rights. I'm entitled to a 'fair hearing' re B.H.'s denial of my apartmental app.. I've asked Tiffany for a 'fair hearing' under Goldberg v. Kelly, 1970. She's refused to give me that hearing.

(Doc. 1 at 1-2.) Plaintiff attaches letters from Wingate Management Company, LLC, signed by Bradley House Management in general and an e-mail from Defendant Tiffany Wright. In the e-mail from Defendant Wright, Defendant indicates that she discussed the denial of Plaintiff's application with him and "followed up by reviewing [his] file after Bradley House denied [his] application[,]" that she "wrote a response" to Plaintiff stating that she agreed with the denial, and explaining that if Plaintiff disputed the reported credit and criminal record information, he should contact those sources. (Doc. 1 at 8.)  Bradley House and Wingate communications delineate Plaintiff's application was denied for the following reasons: it was incomplete; his credit check resulted in a failing score; his criminal background check found he had been convicted of stalking, hit and run causing serious injury, and driving while license suspended second; he had a previous eviction; there was a gap in living history; and his income was not listed. (Doc. 1 at 9.) Plaintiff's complaint alleges this Court's jurisdiction based on housing/accommodations civil rights. (Doc. 1 at 13.)

The case was referred to the undersigned magistrate judge for pretrial proceedings on September 5, 2014, (Doc. 4), and Plaintiff's application to proceed without prepayment of fees was granted on September 11, 2014, (Doc. 6), pursuant to the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(a)(1). After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

    **B.**    **Screening Procedure and Standards**

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S.

2

25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two ways this Court can obtain jurisdiction over such a case; first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000.

C.   **Analysis & Conclusion**

Plaintiff does not cite the Fair Housing Act nor does he contend that he was denied housing for any prohibited reasons in the Act, i.e., discrimination in the terms, conditions, or privileges of rental of a dwelling based on race, color, religion, sex, familial status, national origin, or handicap. 42 U.S.C. §§ 3604(b) and (f). Even construing the complaint liberally, in a light most favorable to the plaintiff, it simply does not contain allegations that could give rise to a violation of the FHA, even if Plaintiff had cited that statute.

Plaintiff contends that he did not receive a fair hearing regarding the denial of his application for an apartment. Even if this claim is construed as a due process claim under 42 U.S.C. § 1983, any such claim must fail. To state a claim under 42 U.S.C. § 1983, a Plaintiff must show: (1) deprivation of a right that is protected by the Constitution or law of the United States; that was (2) caused by a person acting under the color of state law. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Here, there is no evidence that Defendant is a state actor acting under color of state law, nor is there any indication that she is a federal actor. Thus, neither § 1983 nor *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), applies.

*See, Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005).[1] In addition, the parties to this action are not diverse. Therefore, the complaint fails to state a basis for this court's exercise of subject matter jurisdiction, fails to state a claim upon which relief can be granted, and should be *sua sponte* dismissed. Fed. R. Civ. P. 12(b)(6) and (h)(3).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not

---

[1] Nor is there any allegation that the private party Defendant's actions could constitute state action under section 1983 because those actions may be 'fairly attributable' to the state.'" *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003).

5

later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 12, 2014                                          /S PATRICIA T. MORRIS
                                                                                       Patricia T. Morris
                                                                                       United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Order was electronically filed this date and served upon all counsel of record through the Court's CM/ECF system.  A hard copy was also mailed via first class mail to Michael A. Kelly, General Delivery, Bay City, MI 48707.

Date:  September 12, 2014           By  s/Kristen Krawczyk
                                                                            Case Manager Specialist