UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL A. KELLY,

        Plaintiff,                      Case No. 14-cv-13452

v                                                Honorable Thomas L. Ludington

TIFFANY WRIGHT,

        Defendant.

_____/

### ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

On August 11, 2014, Plaintiff Michael Kelly filed this *pro se* action making the following allegations:

> I applied to Bradley House 2 yrs ago. My application was denied. At the time I put up only a minor disagreement w/ Bradley House's decision as I knew I could obtain inexpensive temp. V.A. housing[.] I no longer wish the reside in V.A. housing. Please note the attached copies of e-mails between T. Wright and myself over the past 5 days. T. Wright, Br. House's resident agent, employed by Wingate Mgmt Company, LLC, is violating my federal due process rights. I'm entitled to a 'fair hearing' re B.H.'s denial of my apartmental app.. I've asked Tiffany for a 'fair hearing' under Goldberg v. Kelly, 1970. She's refused to give me that hearing. [sic throughout]

Compl. 1-2, ECF No. 1.

In her September 12, 2014 Report & Recommendation, Judge Morris recommended dismissing Kelly's complaint for lack of subject matter jurisdiction, Rule 12(h)(3), and for failure to state a claim, Rule 12(b)(6).

On September 15, 2014, Kelly filed a "request" that this Court "Amend that order to read Dismissed without Prejudice." Request 1, ECF No. 9. This request will be construed as an

objection to the Magistrate Judge's recommendation. Because Kelly requests that any dismissal be "without prejudice," presumably he wants the dismissal to be for lack of subject matter jurisdiction (Rule 12(h)(3)) rather than for failure to state a claim (Rule 12(b)(6)).[1]

**I**

A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Any objections to the Report and Recommendation must be timely and specific. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d).

**II**

This Court has jurisdiction over Kelly's complaint by virtue of the allegation that Defendant "is violating my *federal due process rights*. I'm entitled to a 'fair hearing.'" Compl. at 2 (emphasis added). Although Kelly did not explicitly invoke his Fourteenth Amendment rights, this Court must construe a *pro se* plaintiff's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A liberal construction of Kelly's complaint reveals that he has brought suit against Defendant for violation of his Fourteenth Amendment rights, and thus this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Accordingly, to the extent that the Magistrate Judge recommends dismissing Kelly's complaint for lack of subject matter jurisdiction, the report will be rejected.

Although this Court has subject matter jurisdiction over Kelly's complaint, his complaint nonetheless fails to state a claim. As explained by the Magistrate Judge:

---

[1] If this Court dismisses his complaint for lack of subject matter jurisdiction, that dismissal would be without prejudice. In contrast, a dismissal for failure to state a claim would be with prejudice.

> Plaintiff contends that he did not receive a fair hearing regarding the denial of his application for an apartment. Even if this claim is construed as a due process claim under 42 U.S.C. § 1983, any such claim must fail. To state a claim under 42 U.S.C. § 1983, a Plaintiff must show: (1) deprivation of a right that is protected by the Constitution or law of the United States; that was (2) caused by a person acting under the color of state law. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Here, there is no evidence that Defendant is a state actor acting under color of state law, nor is there any indication that she is a federal actor. Thus, neither § 1983 nor *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), applies. *See Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005).

Report & Recommendation 4-5, ECF No. 8.[2] Magistrate Judge Morris's reasoning is persuasive, and therefore the recommendation that Kelly's complaint be dismissed for failure to state a claim will be adopted.

### III

Accordingly, it is **ORDERED** that Plaintiff Michael Kelly's Request (ECF No. 9) is **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's Report & Recommendation (ECF No. 8) is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Plaintiff Michael Kelly's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

                         s/Thomas L. Ludington
                         THOMAS L. LUDINGTON
                         United States District Judge

Dated: October 9, 2014

---

[2] Kelly did not make specific objections to the Magistrate Judge's conclusion, and therefore he has waived any objections. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.").

- 4 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Michael Kelly, General Delivery, Bay City, MI 48707 by first class U.S. mail on October 9, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS